# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-03217-DOC-KES | Date: November 4, 2024 |

Title: LIBERTY MUTUAL FIRE INSURANCE COMPANY ET AL. V. ACI INTERNATIONAL INC. ET AL.

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Rolls Royce Paschal for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING DEFENDANT'S MOTION TO DISMISS [20]**

    Before the Court are Defendant ACI International, Inc.'s ("Defendant") Motion to Dismiss ("Motion") (Dkt. 20), Plaintiffs Liberty Insurance Corporation ("Liberty") and Liberty Mutual Fire Insurance Company's ("Liberty Mutual") (collectively "Plaintiffs") Opposition to Motion to Dismiss ("Opp'n") (Dkt. 31), and Defendant's Reply in Support of Motion to Dismiss Case ("Reply") (Dkt. 33). The Court finds the matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the briefing submitted by the Parties, the Court **DENIES** Defendant's Motion to Dismiss.

## I.    Background

### A.    Facts

    The following facts are drawn from Plaintiffs' Complaint. ("Compl.") (Dkt. 1). This action arises out of a prior lawsuit in this Court, *Vans Inc. v. Walmart, Inc., et al.*, Case No. 8:21-cv-01876, in which Vans, Inc. and VF Outdoor, LLC (collectively "Vans") sued ACI and Walmart for infringing on Vans' intellectual property rights

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-03217-DOC-KES            Date: November 4, 2024

Page 2

("Underlying Lawsuit"). Compl. ¶¶ 14-23. Vans alleged that at Walmart's direction, ACI designed, manufactured, and imported "copycat" Vans shoes to sell in Walmart stores. *Id.* Vans further alleged that Walmart used deceptive marketing techniques in which they used Google AdWords and other advertising methods to deceive customers into buying products not associated with Vans. *Id.* The Vans complaint also alleged that Walmart unlawfully used Vans trademarks and trade dress rights in advertisements for the imitation shoes. *Id.* ¶ 23.

ACI was insured by Plaintiffs. *Id.* ¶ 1. Plaintiffs defended both ACI and Walmart in the prior lawsuit, in which Plaintiffs incurred attorneys' fees, costs, and other expenses. *Id.* ¶¶ 3-5. Plaintiffs now allege that the Underlying Lawsuit was never covered by the insurance policies' agreements between Plaintiffs and ACI, so they are entitled to reimbursement for expenses they paid to defend ACI and Walmart and for settling the Underlying Lawsuit on behalf of ACI. *Id.*

Plaintiffs state that Walmart is not identified as an insured on any of the Plaintiffs' Policies nor did ACI procure additional insured coverage for Walmart. These Policies include:
1) Liberty Mutual's Commercial General Liability Policy ("CGL") No. TB2-Z91-473072-031 and its Renewal Policy No. TB2-Z91-473072-032; and
2) Liberty's Commercial Umbrella Liability Policy ("Umbrella Policies") No. TH7-Z91-473072-061 and its Renewal Policy No. TH7-Z91-473072-062. *Id.* ¶¶ 24-26.

The CGL Policies cover the policy period of June 14, 2021 to June 15, 2023 collectively. *Id.* ¶ 24. The Umbrella Policies cover the policy period June 15, 2021 to June 15, 2023 collectively. *Id.* ¶ 25.

The CGL Policies state:
"We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply." *Id.* ¶ 27.

The Umbrella Policies state:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. 2:24-cv-03217-DOC-KES | Date: November 4, 2024 |
| | Page 3 |

"We will pay on behalf of the insured those sums in excess of the retained limit that the insured becomes legally obligated to pay as damages because of bodily injury, property damage or personal and advertising injury to which this insurance applies." *Id.* ¶ 28.

The CGL and Umbrella Policies define "personal and advertising injury" to mean injury arising out of one or more of the following: (a) "the use of another's advertising idea in your 'advertisement'" or (b) "infringing upon another's copyright, trade dress or slogan in your 'advertisement.'" *Id.* ¶ 30. "Your" references the Named Insured, which is ACI. *Id.* ¶ 40.

Additionally, CGL Policies define "advertisement" as "a paid announcement that is broadcast or published in the print, broadcast or electronic media to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters." *Id.* ¶ 31. It also states that "announcements" within the above definition includes material published "on the Internet or on similar electronic means of communication. . . for the purposes of attracting customers[.]" *Id.*

Similarly, the Umbrella Policies define "advertisement" to mean "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters." *Id.* ¶ 32. "Notices" include published "material placed on the Internet or on similar electronic means of communication." *Id.* If placed on a website, only that part of a website that is about your goods, products, or services for the purpose of attracting customers is considered an advertisement. *Id.*

Both CGL and Umbrella Policies include a "Knowing Violation of Rights of Another" Provision. The CGL Policies provision states that the insurance does not apply to "'personal and advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" *Id.* ¶ 34. The Umbrella Policies provision states that the insurance does not apply to "personal and advertising injury caused by an offense committed by or on behalf of the insured with knowledge that the act would violate the rights of another and would inflict personal and advertising injury." *Id.* ¶ 35.

Furthermore, CGL Policies and Umbrella Policies include a "Prior Publication exclusion" which states that the insurance does not apply to "personal and advertising injury" that took place before the beginning of the "policy period." *Id.* ¶¶ 36-37.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-03217-DOC-KESDate: November 4, 2024

Page 4

CGL Policies also include a Trademark exclusion provision that states that the insurance does not apply to:
"'personal and advertising injury' arising out of infringement of copyright, patent, trademark, trade secret, or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement". However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan." *Id.* ¶ 38.

The Umbrella Policies have a parallel Trademark exclusion, stating that the insurance does not apply to:
"personal and advertising injury [a]rising out of infringement of, or any other violation relating to copyright, patent, trademark, trade secret or other intellectual property right. However, this Paragraph h. does not apply to: (1) Infringement of copyright, trade dress or slogan, committed in your advertisement; or (2) The unauthorized use in your advertisement of another's idea for an advertisement;" *Id.* ¶ 39.

Plaintiffs allege that the Policies only identify the Named Insured as ACI and thus, only ACI, and not Walmart, qualifies for coverage. *Id.* ¶ 40. The Underlying Lawsuit referenced Walmart's procurement of advertisements, use of Google Adwords, deceptive marketing tactics, and infringing advertisements. *Id.* ¶¶ 41-42. Plaintiffs further state that the infringements did not come from ACI's advertisement, so it does not qualify as a "personal and advertising injury" for ACI to be covered under the policy. *Id.* ¶ 43. Even if it did, Plaintiffs allege coverage is still barred because of the Knowing Violation of Rights, Trademark, and Prior Publication exclusions. *Id.* ¶¶ 43-50. Specifically, Plaintiffs allege that Vans first discovered Walmart's infringement in March 2021 which was before the start of the policy, so the advertisement for the shoes is not covered under the Prior Publication exclusion. *Id.* ¶ 45.

### B. Procedural History

Plaintiffs filed their Complaint for Declaratory Relief and Reimbursement on April 18, 2024. (Dkt. 1). Plaintiffs bring four causes of action against Defendant ACI: (1) declaratory relief regarding the duty to defend pursuant to 28 U.S.C § 2201(a); (2) declaratory relief regarding the duty to indemnify ACI; (3) Reimbursement of Defense Payments, including but not limited to Plaintiffs' attorneys' fees, costs, and other expenses from the Underlying Lawsuit; and (4) Reimbursement of Indemnity Payments from ACI for the Underlying Lawsuit. Compl. ¶¶ 48-71.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-03217-DOC-KES                                      Date: November 4, 2024

Page 5

Defendant ACI International Inc. filed a Motion to Dismiss ("Motion") on June 27, 2024. (Dkt. 20). Plaintiffs then filed a Voluntary Dismissal without Prejudice of Defendant Walmart Inc. on July 12, 2024. (Dkt. 26). Plaintiffs filed an Opposition to Defendant ACI's Motion to Dismiss ("Opp'n") on August 26, 2024. (Dkt. 31). Lastly, ACI filed a Reply to Plaintiff's Opposition ("Reply") on September 3, 2024. (Dkt. 33).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-03217-DOC-KES                      Date: November 4, 2024

Page 6

655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III. DISCUSSION

ACI moves to dismiss the entire Complaint. First, ACI contends that the Underlying Lawsuit specifically alleged trade dress infringement in both Walmart and ACI's advertising which is covered by the Policies. Motion at 2. Second, ACI argues that Plaintiffs cannot prove through "undisputed evidence" that the exclusions they alternatively rely on apply because the Underlying Lawsuit settled and therefore there is no final adjudication of ACI's knowledge, dates of publications, or other relevant facts. *Id*. ACI generally argues that the First Amended Complaint ("FAC") in the Underlying Lawsuit is insufficient evidence to undermine Plaintiffs' broad duty to defend and indemnify. Thus, ACI argues, Plaintiffs did have a duty to defend and indemnify ACI. *Id*.

Notably, ACI's Motion to Dismiss attempts to argue under the standard for the Summary Judgment stage. Here, the Court reviews the Complaint under the Rule 12(b)(6) standard.

### A. Duty to Defend (Claims One and Three)

ACI argues that Plaintiffs owed ACI a broad duty to defend based on the Underlying Lawsuit's allegations. "[T]he duty to defend is so broad that as long as the complaint contains language creating the potential of liability under an insurance policy, the insurer must defend." *CNA Cas. of Cal. v. Seaboard Sur. Co.*, 176 Cal. App. 3d 598, 606 (1986). ACI argues that Plaintiffs' duty arose upon notice of the potentially covered claim and continued until the lawsuit concluded or Plaintiffs showed that facts outside the complaint negated coverage. Motion at 7 (citing *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 654 (2005); *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287, 298-300 (1993).

Further, ACI argues that Plaintiffs were obligated to defend against the entire action not just the claims potentially covered and that if the duty is later "extinguished," it is only prospective not retrospective. Motion at 7-8 (citing *Buss v. Superior Court*, 16

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-03217-DOC-KES                                Date: November 4, 2024

Page 7

Cal. 4th 35, 48-49 (1997)). So, if an exclusion applies, it would only negate the defense duty prospectively, and because the Underlying Lawsuit settled, there is no prospective duty to be terminated. Motion at 9. Moreover, the assessment of potential coverage is judged from the time the lawsuit is made known to the insurer. Motion at 8 (citing *The Upper Deck Co., LLC v. Federal Ins. Co.*, 358 F.3d 608, 612 (9th Cir. 2004)). Thus, ACI contends that Plaintiffs must meet a high bar to show that the Underlying Lawsuit "can by no conceivable theory raise a single issue which could bring it within the policy coverage" while ACI must only show that the lawsuit's allegations may potentially be covered. Motion at 8 (quoting *Montrose*, 6 Cal. 4th at 300).

ACI repeatedly argues in its Motion that Plaintiffs have failed to meet their high burden of "proving" no duty to defend and that the exclusions conclusively do not apply. Motion at 6. To be sure, Plaintiffs do bear the burden at trial. However, at the Motion to Dismiss stage, Plaintiffs need not conclusively prove their case. Plaintiffs merely need to plausibly allege facts that, if true, entitle them to the relief requested. *Ashcroft*, 556 U.S. 662 at 679; *Twombly*, 550 U.S. 544 at 555. Plaintiffs' reliance on the FAC in the Underlying Lawsuit is not fatal. While it might be insufficient evidence at a later stage or trial, it is a sufficient factual basis at this stage. The Court turns to each basis for Plaintiffs' allegations that it had no duty to defend.

### 1. Coverage for "Personal and Advertising Injury"

Plaintiffs' Complaint first alleges that the Underlying Lawsuit was not covered by the Policies which offer coverage for "personal and advertising injury." Compl. ¶ 40. Plaintiffs allege that there was no potential for coverage under the Policies. Compl. ¶ 4. ACI responds that the Underlying Lawsuit's FAC triggered Plaintiffs' duty to defend because it alleges facts "from which it is reasonably inferable that ACI is potentially liable for trade dress infringement." Motion at 9. ACI quotes at length language from the FAC that alleges trade dress infringement in connection with advertising against all Defendants including ACI and against ACI specifically.

While potentially compelling at a later stage, ACI's arguments are unavailing at the pleading stage. The Court at this stage accepts as true the Plaintiffs' well-pleaded factual allegations and construes all factual inferences in the light most favorable to the Plaintiffs. *See Manzarek*, 519 F.3d 1025 at 1031. Plaintiffs have plausibly alleged that ACI did not advertise but only designed and manufactured the imitation shoes and, therefore, ACI was not covered by the "personal and advertising injury" language in the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-03217-DOC-KES                                    Date: November 4, 2024

Page 8

Policies. Compl. ¶¶ 41-43. ACI argues that the Policies' definition of "advertisement" does not require it to be ACI's advertisement. But the Policies state "your advertisement" and "your" refers to the Named Insured, ACI. Compl. ¶ 30. Plaintiffs' pleading based on the Policies and the FAC in the Underlying Lawsuit are sufficient at this time to plausibly allege its duty to defend and indemnify were not triggered by the FAC.

Plaintiffs' Complaint survives and the Motion to Dismiss is DENIED based on Plaintiffs' allegations about lack of overall coverage alone. The Court addresses Plaintiffs' alternative bases for lack of coverage under the exclusions below.

### 2. Application of Exclusions

Plaintiffs' Complaint alternatively alleges that the Knowing Violation of Rights Exclusion language precludes coverage. Compl. ¶ 46. ACI argues that Plaintiffs cannot point to any facts other than the allegations in the FAC to support the application of the Knowing Violation of Rights Exclusion. ACI cites several cases that support the need for facts beyond the complaint's allegations to preclude coverage through such an exclusion. However, the cases cited were not decided at the Motion to Dismiss stage. The cases cited were decided at the Summary Judgment stage. Again, Plaintiffs are entitled to advance their lawsuit if they meet the pleading requirements. They need not prove their case conclusively at this stage. Plaintiffs allege facts that when taken as true plausibly support knowing violations under which this exclusion might apply. For example, Plaintiffs allege that, based on the FAC, ACI was directed by Walmart employees to design shoes that explicitly copied Vans designs and color schemes. Compl. ¶ 18.

Plaintiffs' Complaint also alleges that the Prior Publication exclusion applies because Walmart's advertisement of the shoes was published before the policy periods. Compl. ¶ 45. ACI argues that Plaintiffs rely on disputed allegations in the FAC from the Underlying Lawsuit to argue that any advertising was before the policy period and thus excluded from coverage. Again, the Court need only consider if Plaintiffs' plausibly plead facts entitle them to relief. Here, Plaintiffs allege that even if ACI is covered by the "personal and advertising injury" language, the Prior Publication Exclusion applies because any such covered advertisements were published before the beginning of the policy period. Compl. ¶ 45. This is supported by the fact that Vans discovered the infringement in March 2021. *Id*. Based on the dates of policy periods, relief could plausibly be granted on these allegations.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-03217-DOC-KES | Date: November 4, 2024 |

Page 9

Plaintiffs finally allege that the Trademark Exclusion language in the Policies also completely bars coverage of the Underlying Lawsuit. Compl. ¶ 38, 39, 44. This allegation is supported by the same facts discussed above—namely, that "personal and advertising injury" does not include the infringement of which the FAC accused ACI. Plaintiffs have plausibly alleged facts that when taken as true could support the application of this exclusion.

Therefore, Plaintiffs have plausibly plead facts for declaratory relief under claim one and reimbursement under claim three.

### B. Duty to Indemnify (Claims Two and Four)

Plaintiffs' duty to indemnify is based on the same facts and allegations as their duty to defend. Because Plaintiffs have sufficiently stated a claim for declaratory relief and reimbursement related to their duty to defend, their claims challenging their duty to indemnify are also sufficient at this stage for the reasons previously stated.

ACI again argues that Plaintiffs need undisputed evidence to support their claims for no duty to indemnify. Motion at 22. Not so. Thus, Plaintiffs' claims two and four are sufficient.

### IV. DISPOSITION

For the reasons explained above, the Court **DENIES** Defendant ACI's Motion to Dismiss. The hearing on the Motion set for November 12, 2024 is hereby **VACATED**.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kdu |
| CIVIL-GEN | |